**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WILLIAM W. RITCHIE, a minor, by
and through his mother and next
friend, Stacy L. Ritchie; FRANK
BROWN,
Plaintiffs-Appellants,

v.                                                                No. 95-3057

DANIEL JACKSON; AARON HARRIS;
WILLIAM FARRAR,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-95-428-S)

Submitted: September 30, 1996

Decided: October 11, 1996

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Allan Heneson, Stephen R. Robinson, GORDON & HENESON, Bal-
timore, Maryland, for Appellants. Paul D. Shelton, Jeffrey E. Gordon,
Paula J. McGill, PIPER & MARBURY, L.L.P., Baltimore, Maryland,
for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William W. Ritchie and Frank Brown appeal the district court's grant of Defendants' motions for summary judgment in their 42 U.S.C. § 1983 (1994) action, wherein they alleged false arrest, use of excessive force, malicious prosecution, and conspiracy to violate their civil rights. Finding no reversible error, we affirm.

We review grants of summary judgment de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). "[S]ummary judgment is proper `if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). In determining whether this showing has been made, we review the factual evidence and all inferences to be drawn therefrom in a light most favorable to the party opposing the motion. Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985).

Ritchie and Brown filed this § 1983 action after their arrests for armed assault and disorderly conduct, respectively. The facts surrounding their arrests are that while investigating a reported armed assault, the victim identified Ritchie as one of his attackers. As one of the investigating officers attempted to discuss the seriousness of the offense with Ritchie and several of his friends, Ritchie began to laugh. The officer grabbed Ritchie by the shirt and informed him that he was subject to arrest for violent assault.[1] Brown approached this officer and inquired why he had grabbed Ritchie's shirt. The officer

_____

[1] Ritchie left the scene but was later arrested and handcuffed by another officer.

2

repeatedly asked Brown to leave the area, but Brown refused. At that point, Brown was arrested and subsequently charged with disorderly conduct.**2**

On appeal, Ritchie contends that his arrest lacked probable cause. Probable cause exists when the facts and circumstances within an officer's knowledge, and of which he had reasonably trustworthy information, are "sufficient to warrant a prudent man in believing that the [individual] had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91 (1964); United States v. Manbeck, 744 F.2d 360, 376 (4th Cir. 1984), cert. denied, 469 U.S. 1217 (1985). Here, the victim identified Ritchie as one of his attackers. The officer, there-fore, had probable cause to believe that Ritchie had committed a crime. See Torchinsky v. Siwinski, 942 F.2d 257, 262 (4th Cir. 1991). As such, Ritchie has failed to state a cognizable§ 1983 claim.

Next, Brown asserts false arrest and malicious prosecution claims. These claims too must fail. As the facts attest, the officer's actions were objectively reasonable; a reasonable officer could have believed that his conduct, in arresting Brown for obstructing or hindering a police officer, was lawful. Gooden v. Howard County, 954 F.2d 960, 965 (4th Cir. 1992 ) (en banc). Therefore, the officer is entitled to qualified immunity from Brown's false arrest and malicious prosecu-tion claims.

Both Brown and Ritchie assert claims of excessive force during their arrest. These claims are based on the fact that one officer grabbed Ritchie by the shirt and lifted him off the ground and that they were handcuffed too tightly. Evaluating this claim under the Fourth Amendment, this court must consider all the circumstances to determine whether the force used in a particular instance was reason-able. Graham v. Connor, 490 U.S. 386, 394-96 (1989). Reasonable-ness must be judged objectively, from the perspective of a reasonable officer on the scene. Graham, 490 U.S. at 396-97. We find that the force used pursuant to the arrest of Brown and Ritchie was, at most, minimal. Further, they allege no more than de minimis injury; there-fore, their claims of excessive force are without merit. See Foster v. Metro. Airports Comm'n, 914 F.2d 1076, 1082 (8th Cir. 1990) (plac-

_____

**2** Brown was later acquitted of this charge.

3

ing handcuffs on too tightly does not constitute excessive force absent severe, permanent injury).

Last, Brown and Ritchie assert that during their arrest the Defendants conspired to violate their civil rights. This claim also fails to state a cognizable § 1983 claim. To prove a conspiracy under § 1983, "it is necessary that there have been, besides the agreement, an actual deprivation of a right secured by the Constitution and laws. `Mere proof of a conspiracy is insufficient to establish a section 1983 claim.'" Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir. 1980) (quoting Hampton v. Hanrahan, 600 F.2d 600, 622 (7th Cir. 1979), rev'd in part, 446 U.S. 754 (1980)). As we found earlier, both arrests were made on probable cause; therefore, no constitutional deprivation occurred.

For the foregoing reasons, we find that the district court's grant of summary judgment in favor of the Defendants was proper, and we hereby affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4